# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BOBBY EVERETT GRAHAM | § | |
| | § | |
| V. | § | A-19-CV-345-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Memorandum in Support (Document 2). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should dismissed as time-barred.

## I. STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. After pleading guilty, Petitioner was convicted of aggravated assault with a deadly weapon and was sentenced to 30 years in prison on January 16, 2015. Petitioner did not file a direct appeal. He did, however, challenge his conviction in two state applications for habeas corpus relief. The first was executed by Petitioner on April 8, 2017. The Texas Court of Criminal Appeals denied it without written order on July 19, 2017. Ex parte Graham, Appl. No. 86,941-01. The second was executed on July 30, 2018. The Texas Court

of Criminal Appeals dismissed it as successive on September 26, 2018. Ex parte Graham, Appl. No. 86,941-02.

**B.     Petitioner's Grounds for Relief**

Petitioner argues he did not commit an aggravated assault with a deadly weapon because no one was touched and he had no weapon. Petitioner also accuses the state courts of violating his rights because counsel was not appointed to assist with his state habeas corpus proceedings.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on February 15, 2015, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until February 15, 2016, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until March 3, 2019, after the limitations period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner does not claim he is entitled to any equitable tolling. To the extent Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent, his claim fails. In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998).

3

In this case, Petitioner has made no valid attempt to show he was actually innocent of the crime to which he previously pleaded guilty. Petitioner simply argues a car is not a deadly weapon.

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

To the extent Petitioner complains the state court did not appoint counsel to represent him in his state habeas proceedings his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984). An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

5

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 12th day of April, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE